# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:05CR64 |
| | § | |
| STANLEY JERRELL AUSTIN | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL AND MOTION FOR HOME DETENTION

Pending before the court is the "Defendant's Motion, under FED. R. CRIM. P. 33, for New Trial with Exhibits or in the Alternative for Re-Sentencing" (docket entry #20). Having considered the Defendant's motion along with the Defendant's memorandum of law regarding the admissibility of polygraphs (docket entry #21), the Government's response (docket entry #23), the Defendant's reply (docket entry #26) and the Defendant's request for an order (docket entry #29), the court finds that the Defendant's motion for new trial should be denied.

Contained within the Defendant's motion for new trial was a request for "home arrest". The Defendant likewise moved in a separate motion for home detention (docket entry #33). Having considered the Defendant's motion, the Government's response (docket entry #34) and the arguments of counsel at the hearing on the same, the court finds that the Defendant's motion for home detention should be denied.

## MOTION FOR NEW TRIAL[1]

On April 18, 2005, the Defendant appeared before the United States Magistrate Judge and, pursuant to a plea agreement, entered a plea of guilty to count one of the Information. The

---

[1] At the hearing held on February 7, 2007, counsel for the Defendant withdrew, on the record, the motion for new trial.

Magistrate Judge recommended that this court accept the plea agreement and the Defendant's guilty plea. On April 26, 2005, this court adopted the recommendation of the Magistrate Judge and found the Defendant guilty of count one of the Information. This court subsequently sentenced the Defendant on October 4, 2005 to 28 months imprisonment, a five year term of supervised release and restitution in the amount of $653,725.38.

On October 14, 2005, the Defendant filed his motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on any basis other than newly discovered evidence. The Defendant specifically argues that he was (1) denied the right of allocution, (2) denied the right to present his good faith defense and (3) denied the effective assistance of counsel. The Defendant argues that he did not enter into his plea of guilty voluntarily, knowingly and intelligently because his counsel assured him that he would be sentenced to probation, a sentence he did not receive.[2]

FED. R. CRIM. P. 33(b)(2) provides as follows:

**Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Here, the court found the Defendant guilty on April 26, 2005. The Defendant did not file his motion for new trial until almost six (6) months after the court entered its finding of guilt, well after the seven day filing deadline. Accordingly, the Defendant did not timely file his motion for new trial.

---

[2]The court notes that the grounds presented in the Defendant's motion for new trial should ordinarily be presented either on direct appeal or in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. However, in his plea agreement, the Defendant expressly waived his right to appeal his sentence, except upon certain limited grounds. The Defendant further agreed not to contest his sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The court notes, however, that the Defendant filed a § 2255 motion on October 13, 2006. *See Stanley Jerrell Austin v. United States*, 4:06-cv-423. The § 2255 motion encompasses the same grounds raised in the Defendant's motion for new trial.

As such, this court is without jurisdiction to consider the same. The Defendant's motion for new trial, therefore, is denied.[3]

## MOTION FOR HOME DETENTION

In his motion for new trial, the Defendant also moved for a "short home arrest". On July 24, 2006, the Defendant again moved for home detention. The Defendant is seeking a modification to his imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c). In his original motion, the Defendant argues that the following circumstances permit the imposition of home detention: (1) the Defendant's good faith defense which is corroborated, according to the Defendant, by a polygraph test; (2) the Defendant's ability to assist in the investigation of the Ardmore, Oklahoma bank; and (3) the effects of the Defendant's further confinement in prison on his terminally ill father. In his subsequent motion for home detention, the Defendant focuses on the latter argument.

Title 18 U.S.C. § 3582(c) provides only three grounds authorizing a court to "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2).

Option one is inapplicable to the modification requested by the Defendant because the

---

[3]Although the court is without jurisdiction to rule on the Defendant's motion for new trial, the court notes that the Defendant's contention that he was denied the right to allocute misstates the record. During the sentencing hearing, the court asked the Defendant on two separate occasions if there was anything he would like to say. If the Defendant was not able to present a prepared statement to the court, as he alleges, it was due to no fault but his own. Counsel is reminded to ensure the accuracy of his arguments before accusing the court of denying the Defendant his rights.

Director of the Bureau of Prisons has not filed a motion to modify the Defendant's sentence. Option two offers FED. R. CRIM. P. 35 as a potential source of authority to support the modification of the Defendant's sentence.[4] FED. R. CRIM. P. 35 empowers a court to correct or reduce a sentence in two specified instances. Section (a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Although the Defendant's original motion for home detention was timely filed, the motion does not address any arithmetical, technical or other clear errors. Accordingly, section (a) is inapplicable. Section (b) grants a court authority, upon the Government's motion, to reduce a sentence to reflect a defendant's post-sentencing substantial assistance. FED. R. CRIM. P. 35(b). Since the Government has not so moved, section (b) is inapplicable to the instant case. Thus, option two is not pertinent as well.

Option three is also not applicable. Title 18 U.S.C. § 3582(c)(2) provides as follows:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Because the United States Sentencing Commission has not lowered the sentencing range herein, a modification of the Defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not authorized. Therefore, the Defendant's motion to modify his imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c) is denied.

---

[4]The Defendant did not cite a statute which would permit a reduction in the Defendant's sentence.

## CONCLUSION

Based on the foregoing, the "Defendant's Motion, under FED. R. CRIM. P. 33, for New Trial with Exhibits or in the Alternative for Re-Sentencing" (docket entry #20) is **DENIED**. The Defendant's "Motion for Home Detention" (docket entry #33) is **DENIED** as well. Finally, the Defendant's "Supplemental Motion to Exercise Inherent Power of the Court Under Rule 2, Fed. R. Crim. Pro." (docket entry #36) is also **DENIED**.

**SIGNED this the 7th day of February, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE